UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBUS MEDICAL, INC. and NUVASIVE, LLC,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ALPHATEC SPINE, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:25-cv-01522-CAB-DDL<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S MOTION TO DISMISS**<br><br>**[Doc. No. 11]** |

On June 12, 2025, Plaintiffs Globus Medical, Inc. and NuVasive, LLC ("Plaintiffs") filed suit against Defendant Alphatec Spine, Inc. ("Defendant" or "ATEC") for patent infringement. [Doc. No. 1 ("Compl.").] ATEC filed a motion to dismiss the claims for willful and induced infringement pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. No. 11.] Having considered the parties' arguments, applicable law, and the record, and for the reasons discussed below, the Court **GRANTS-IN-PART AND DENIES-IN-PART** the motion to dismiss.

I.  **BACKGROUND**

Plaintiffs and Defendant are companies that develop and market products used by surgeons during minimally invasive spine surgery. One type of product attaches to the patient's vertebrae so that the spine is anchored and the surgeon has space to operate. [Compl. ¶¶ 38–43.] Plaintiffs allege that Defendant's Sigma Access System is "virtually

identical" to Plaintiffs' MAS TLIF System. [*Id.* at ¶ 45.] The other type of product is a spacer that is inserted into the patient's spine and then expanded. [*Id.* at ¶ 46.] Plaintiffs allege that Defendant's Calibrate LTX product "bears a striking resemblance" to Plaintiffs' CALIBER-L System. [*Id.* at ¶ 50.]

Plaintiffs have asserted eight patents directed to methods and devices for performing spinal surgery. [*Id.* at ¶¶ 13–37.]

- U.S. Patent No. 8,357,184 (the "'184 patent"), issued January 22, 2013, entitled "Method and Apparatus for Performing Spinal Surgery" [*Id.* at ¶ 14];
- U.S. Patent No. 9,050,146 (the "'146 patent"), issued June 9, 2015, entitled "Method and Apparatus for Performing Spinal Surgery" [*Id.* at ¶ 17];
- U.S. Patent No. 10,660,628 (the "'628 patent"), issued May 26, 2020, entitled "Minimally Disruptive Retractor and Associated Methods for Spinal Surgery" [*Id.* at ¶ 20];
- U.S. Patent No. 8,556,979 (the "'979 patent"), issued October 15, 2013, entitled "Expandable Fusion Device and Method of Installation Thereof" [*Id.* at ¶ 23];
- U.S. Patent No. 8,518,120 (the "'120 patent"), issued August 27, 2013, entitled "Expandable Fusion Device and Method of Installation Thereof" [*Id.* at ¶ 26];
- U.S. Patent No. 9,039,771 (the "'771 patent"), issued May 26, 2015, entitled "Expandable Fusion Device and Method of Installation Thereof" [*Id.* at ¶ 29];
- U.S. Patent No. 9,204,974 (the "'974 patent"), issued December 8, 2015, entitled "Expandable Fusion Device and Method of Installation Thereof" [*Id.* at ¶ 32]; and
- U.S. Patent No. 11,890,203 (the "'203 patent"), issued February 6, 2024, entitled "Expandable Fusion Device and Method of Installation Thereof" [*Id.* at ¶ 35].

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to survive a motion to dismiss it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

### A. Willful and Induced Infringement Require Pre-Suit Knowledge of the Asserted Patents

A required element of both willful and induced infringement is that the accused infringer knew of the asserted patents. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015) (induced infringement); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (willful infringement). ATEC moves to dismiss Plaintiffs' willful and induced infringement claims because they fail to allege (1) any pre-suit knowledge of the '979, '120, '771, '974, and '203 patents and (2) sufficient facts to support pre-suit knowledge of the '184, '146, and '628 patents. [Doc. No. 11-1 at 10–11, 18–19.]

Courts in this district, and across the country, are split on whether an alleged infringer must have knowledge of the asserted patents before the suit is filed to sustain

claims of induced or willful infringement. *See ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249 n.1 (D. Del. 2021) (compiling cases). There is no binding Federal Circuit or Supreme Court precedent on this issue. After carefully considering each side, the Court believes that the proper rule is that an alleged infringer must know about the asserted patents *before* a suit is filed and that a complaint cannot provide a required element of a claim for induced or willful infringement. In particular, the Court is persuaded that a patentee must have a good faith basis for its claims *when they are filed* and it would be circular to allow the complaint itself to serve as that good faith basis. The Federal Circuit reasoned as much when it considered the appropriate scope of waiver resulting from an advice of counsel defense:

> [I]n ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct. It is certainly true that patent infringement is an ongoing offense that can continue after litigation has commenced. However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. Proc. 8, 11(b). So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), *abrogated on other grounds by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016); *see also ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021) ("It seems to me neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement and enhanced damages.").

### 1. The '979, '120, '771,'974, and '203 Patents

Applying this rule here, there are no specific allegations that ATEC knew of the '979, '120, '771, '974, or '203 patents before this suit. Plaintiffs' opposition does not argue otherwise. [*See* Doc. No. 14 at 10–14 (presenting the Complaint's allegations of pre-suit knowledge of the '184, '146, and '628 patents).] And to the extent the Complaint alleges that ATEC generally monitored NuVasive's patent portfolio, [*e.g.* Compl. ¶¶ 61, 66], "[m]ere awareness of a patent portfolio is not sufficient to show knowledge of a specific

patent." *Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405-HSG, 2021 WL 2224267, at *8 (N.D. Cal. June 2, 2021). The Court therefore **GRANTS** ATEC's motion to dismiss the Complaint's induced infringement claims for the '979, '120, '771, '974, and '203 patents.

### 2. The '184, '146, and '628 Patents

The Complaint does contain specific allegations that ATEC knew of the '184, '146, and '628 patents before this suit. [Compl. ¶¶ 86, 107, 126.] The crux of those allegations is that four former NuVasive executives and employees—two of which are named inventors on the '628 patent—developed NuVasive products, worked at NuVasive when the '184 and '146 patents were filed, were "involved with and aware of NuVasive's product development and patented technology," and now work at ATEC. [Doc. No. 14 at 8–9 (citing Compl. ¶¶ 51–68).]

The Court finds that Plaintiffs' allegations are sufficient at this stage of the case with respect to the '184 and '146 patents. In particular, Plaintiffs allege that Patrick Miles held executive leadership positions (President, COO, and Vice Chairman) at NuVasive from 2001–2017 and "was involved with and aware of NuVasive's product development and patented technology relating to spinal surgical systems." [Compl. ¶¶ 52–53.] He was thus an executive leader when both the '184 and '146 patents were issued and it is plausible he knew of their existence when he became ATEC's Executive Chairman in 2017 and later, its CEO. [*Id.* at ¶ 55.] Plaintiffs also allege that ATEC's Executive Vice President Brian Snider previously worked at NuVasive from 2008 to 2017 and "was involved with and aware of Nuvasive's patented technology relating to spinal surgical systems. [*Id.* at ¶¶ 56–58.] Thus, ATEC plausibly knew of the '184 and '146 patents via Miles and Snider. *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379–80 (Fed. Cir. 2017) (finding plaintiff adequately pleaded knowledge by alleging knowledge of patent and patented technologies by two product designers). The Court **DENIES** ATEC's motion to dismiss the willful infringement claims for the '184 and '146 patents.
///

These same facts, however, do not plausibly allege pre-suit knowledge of the '628 patent because it issued on May 26, 2020, after both Miles and Snider left NuVasive. And the fact that the application leading to the '628 patent was filed during their employment with NuVasive is inconsequential because knowledge of a patent *application* does not fulfill the knowledge element for willful infringement. *See Orthopaedic Hosp. v. Encore Med. L.P.*, No. 19-CV-970 JLS (AHG), 2022 WL 254956, at *26 (S.D. Cal. Jan. 27, 2022) (collecting district court cases in the Ninth Circuit finding knowledge of a patent application alone is insufficient to meet knowledge requirement); *accord State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (reasoning that "patent pending" marking did not support willful infringement because "[f]iling a[] [patent] application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents").

Plaintiffs also rely on pre-suit knowledge of the '628 patent via two former NuVasive engineers and named inventors—James Lee and Ali Shorooghi—who joined ATEC five months before the accused product was launched. [Compl. ¶¶ 59–60.] But NuVasive, Inc. was the applicant and assignee on the '628 patent, [Doc. No. 1-4 at 2], and there are no allegations that Lee and Shorooghi were kept informed during the '628 patent's prosecution or were notified of its issuance. *See Grecia v. VUDU, Inc.*, No. 14-CV-0775-EMC, 2015 WL 538486, at *8 (N.D. Cal. Feb. 9, 2015). The Court therefore **GRANTS** ATEC's motion to dismiss the claims of willful infringement of the '628 patent.

**B.     The Complaint Does Not Plausibly Allege Induced Infringement**

ATEC also moves to dismiss Plaintiffs' claims of induced infringement because the Complaint fails to plausibly allege that ATEC intended to induce surgeons and other medical providers to infringe, as shown by its marketing and training materials. Plaintiffs argue that the following allegation, repeated throughout the Complaint, is sufficient:

> ATEC's affirmative acts of active inducement include, among other things: (1) publishing surgical techniques, conducting organized surgical training courses, and engaging in other marketing activities, to promote the Accused Retractor [or Spacer] Products; (2) teaching, instructing, and training surgeons

      how to use the Accused Retractor [or Spacer] Products; and (3) supplying one or more components of the Accused Retractor [or Spacer] Products."

[Compl. ¶¶ 78, 99, 118, 139, 157, 160, 173, 192, 210.]

The Federal Circuit's "precedent has consistently held that, when a product is sold with an infringing label or an infringing instruction manual, such a label is evidence of intent to induce infringement." *GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, 7 F.4th 1320, 1334 (Fed. Cir. 2021) (compiling cases where prescription label was sufficient and further describing substantial evidence supporting jury verdict included prescription label, product catalogs, and press releases). ATEC's alleged surgical trainings or materials *could* suffice to state a claim for induced infringement. However, this material is missing from Plaintiffs' complaint. Without more, Plaintiffs' cited allegations are formulaic "legal conclusions cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences" that the Court is not required to credit on a motion to dismiss. *Coppel v. SeaWorld Parks & Ent., Inc.*, No. 21-CV-1430-RSH-DDL, 2024 WL 5337347, at *6 (S.D. Cal. Mar. 1, 2024). And without more, Plaintiffs' reliance on cases like *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) is misplaced because in those cases the complaint contained specific allegations of the inducement, such as quotes from the defendant's marketing materials.

The Court therefore **GRANTS** ATEC's motion to dismiss the Complaint's claims for induced infringement.

      **C.**    **Willfulness Does Not Require Egregious Conduct**

ATEC argues that the Complaint does not allege ATEC engaged in egregious conduct. [Doc. No. 11-1 at 16.] Egregious conduct is not a required element for willful infringement, which the Federal Circuit has squarely held requires "no more than deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021); *see also Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, 665 F. Supp. 3d 1214, 1226 (S.D. Cal. 2023).

## IV. CONCLUSION

Based on the foregoing, the Court **DISMISSES without prejudice** (1) Plaintiffs' induced infringement claims for all asserted patents and (2) Plaintiffs' willful infringement claims for all asserted patents except the '184 and '146 patents. Any amended complaint must be filed by **January 5, 2026**.

It is **SO ORDERED.**

Dated: December 3, 2025

Hon. Cathy Ann Bencivengo
United States District Judge