UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBUS MEDICAL, INC. and NUVASIVE, LLC,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ALPHATEC SPINE, INC.<br><br>　　　　Defendant. | Case No.: 25-cv-1522-CAB-DDL<br><br>**CASE MANAGEMENT ORDER** |

On February 10, 2026, the Court held a telephonic status conference with counsel to address the management of this case with six patents asserted by Plaintiffs and presently one patent asserted by Defendant in its counterclaim. During the conference Defendant indicated its intention to amend its counterclaim and add a second patent.

Having considered the subject matter of the asserted patents and their relationships to each other, to efficiently manage the scope of this case the Court is imposing the following preliminary limitations on the parties.

/////

/////

/////

25-cv-1522-CAB-DDL

For preliminary infringement contentions, Plaintiff will assert no more than:

- eight claims from the 8,357,185 patent;
- two claims from the 9,050,146 patent;
- two claims from the 8,556,979 patent;
- two claims from the 8,518,120 patent;
- two claims from the 9,204,974 patent; and
- two claims from the 11,890,203 patent.

For preliminary infringement contentions, Defendant will assert no more than;

- four claims from the 11,744,758 patent; and
- if Defendant amends, a similar four claim restriction on the additional patent.

Based on discovery and claim constructions, either party may request leave of Court to assert alternative or additional claims.

For preliminary invalidity contentions, the parties will assert no more than ten combinations of prior art for any obviousness challenges.  No limits are imposed on anticipatory references.

Based on discovery and claim constructions, either party may request leave of Court to assert alternative or additional prior art combinations.

The parties are limited to asserting no more than fifteen terms or phrases for claim construction, covering all the patents at issue (complaint and counterclaim). If after meeting and conferring on the most relevant terms or phrases for construction, either party believes additional constructions are required, either party may request leave of Court to assert additional proposed constructions.

**IT IS SO ORDERED.**

Dated:  February 10, 2026

Hon. Cathy Ann Bencivengo
United States District Judge