Nimalka Wickramasekera (SBN 268518)
nimalka.wickramasekera@winstontaylor.com
**WINSTON TAYLOR LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Tel: 213-615-1700

Michael A. Meneghini (*pro hac vice*)
michael.meneghini@winstontaylor.com
**WINSTON TAYLOR LLP**
300 N. LaSalle Dr.
Chicago, IL 60654
Tel: 312-558-5600

Dustin J. Edwards (*pro hac vice*)
dustin.edwards@winstontaylor.com
**WINSTON TAYLOR LLP**
800 Capitol St., Suite 2400
Houston, TX 77002
Tel: 713-651-2600

*Attorneys for Defendant/Counter-Plaintiff Alphatec Spine, Inc.*

Colin Cabral (SBN 296913)
James Anderson (BBO # 693781)
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110
ccabral@proskauer.com
jaanderson@proskauer.com
Telephone:     617-526-9600

Elizabeth Shrieves (DC #1645332)
**PROSKAUER ROSE LLP**
1001 Pennsylvania Ave, N.W., Suite 600 South
Washington, DC 20004
eshrieves@proskauer.com
Telephone:     202-416-6800

Seth Victor (SBN 329341)
**PROSKAUER ROSE LLP**
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
svictor@proskauer.com
Telephone:     310-557-2900

*Attorneys for Plaintiffs/Counter-Defendants Globus Medical, Inc. and NuVasive, LLC*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

| | |
|---|---|
| GLOBUS MEDICAL, INC. and NUVASIVE, LLC,<br><br>    Plaintiffs/Counter-Defendants,<br><br>    v.<br><br>ALPHATEC SPINE, INC.,<br><br>    Defendant/Counter-Plaintiff. | Case No. 3:25-cv-01522-CAB-DDL<br><br>**JOINT STIPULATION TO MODIFY CASE SCHEDULE**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Second Amended Complaint Filed:  June 29, 2026 |

Plaintiffs/Counter-Defendants Globus Medical, Inc. ("Globus") and NuVasive, LLC ("NuVasive") (collectively, "Plaintiffs") and Defendant/Counter-Plaintiff Alphatec Spine, Inc. ("Alphatec") (together, the "Parties"), by and through their respective attorneys of record, hereby file this Joint Stipulation to Modify Case Management Order.

**WHEREAS**, on or before January 19, 2026, Plaintiffs and Alphatec asserted initial claims and a counterclaim of patent infringement on U.S. Patent Nos. 8,357,184, 9,050,146, 8,556,979, 8,518,120, 9,204,974, 11,890,203, and 11,744,758 (collectively, the "Originally Asserted Patents").

**WHEREAS**, on June 29, 2026, following a Court order granting the respective motions for leave, Plaintiffs and Alphatec each amended their claims to add an additional claim for patent infringement. Specifically, Plaintiffs moved to add a patent infringement claim against Alphatec for U.S. Patent No. 12,070,202 (the "'202 patent"), and Alphatec moved to add a patent infringement claim against Globus for U.S. Patent No. 12,369,897 (the "'897 patent") (together with the '202 patent, the "Newly Asserted Patents").

**IT IS HEREBY STIPULATED AND AGREED** by and between the Parties and subject to approval of the Court, that the Case Management Order, ECF No. 32, shall be amended as follows:

The following dates are modified relating to the ***Originally Asserted Patents***:

1. On or before **September 17, 2026**, the Parties shall exchange Amended Preliminary Claim Constructions for the Originally Asserted Patents pursuant to Patent L.R. 4.1(a) and identify extrinsic evidence as required by Patent L.R. 4.1(b).

2. On or before **October 1, 2026**, the Parties shall exchange Responsive Claim Constructions for the Originally Asserted Patents pursuant to Patent L.R. 4.1(c) and identify extrinsic evidence as required by Patent L.R. 4.1(d).

The following dates are modified relating to the ***Newly Asserted Patents***:

1. On or before **August 6, 2026**, the Parties shall serve their Disclosure of Asserted Claims and Preliminary Infringement Contentions for the Newly Asserted Patents pursuant to Patent L.R. 3.1 and produced documents as required by Patent L.R. 3.2.

1

2.      On or before **September 10, 2026**, the Parties shall serve Invalidity Contentions for the Newly Asserted Patents pursuant to Patent L.R. 3.3 and produce documents as required by Patent L.R. 3.4.

3.      On or before **September 17, 2026**, the Parties shall exchange Preliminary Claim Constructions for the Newly Asserted Patents pursuant to Patent L.R. 4.1(a) and identify extrinsic evidence as required by Patent L.R. 4.1(b).

4.      On or before **October 1, 2026**, the Parties shall exchange Responsive Claim Constructions for the Newly Asserted Patents pursuant to Patent L.R. 4.1(c) and identify extrinsic evidence as required by Patent L.R. 4.1(d).

The following dates are modified relating to both the ***Originally Asserted Patents*** and the ***Newly Asserted Patents***:

1.      The deadline for the Parties to file Amended Infringement Contentions, as of right, is **October 15, 2026**. *See* Patent L.R. 3.6(a).

2.      The deadline for the Parties to file Amended Invalidity Contentions, as of right, is **October 29, 2026**. *See* Patent L.R. 3.6(b).

3.      On or before **October 15, 2026**, the Parties shall complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement pursuant to Patent L.R. 4.2.

4.      All discovery intended for use in the Claim Construction Hearing must be completed by **October 29, 2026**. See Patent L.R. 4.3.

5.      On or before **November 19, 2026**, the Parties must file simultaneously their Opening Claim Construction Briefs. *See* Patent L.R. 4.4(a).

6.      On or before **December 10, 2026**, the Parties must file simultaneously their Responsive Claim Construction Briefs. *See* Patent L.R. 4.4(b).

7.      The Claim Construction and tutorial hearing will be held **January 21, 2027**, at **9:30 a.m.**, or alternatively on a date convenient to the Court, before the Honorable Cathy Ann Bencivengo, U.S. District Court Judge. *See* Patent L.R. 4.5.

8.      Not later than thirty (30) days after the filing of the Claim Construction Order, any party relying upon advice of counsel as part of a patent-related claim or defense for any reason must make the disclosures required by Patent L.R. 3.7.

9.      A party asserting infringement must serve final amended infringement contentions, within the meaning of Patent L.R. 3.6(a)(1), not later than thirty (30) days after service of the Court's Claim Construction Ruling.

10.     A party opposing a claim of infringement must serve final amended invalidity contentions, within the meaning of Patent L.R. 3.6(b)(2), not later than fifty (50) days after service of the Court's Claim Construction ruling.

11.     The initial date for the substantial completion of document discovery including electronically stored information ("ESI") is **March 11, 2027**. *See* Patent L.R. 2.1(a)(1).

12.     All fact discovery shall be completed by the Parties on or before **May 6, 2027**.

13.     All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all Parties on or before **May 27, 2027**. Any contradictory or rebuttal disclosures within the meaning of Rule 26(a)(2)(D)(ii) shall be disclosed on or before **June 24, 2027**. Unless otherwise stipulated to by the Parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B). If a written report is not required, the disclosure must provide the information required under Rule 26(a)(2)(c).

14.     All discovery, including expert discovery, shall be completed by all parties on or before **August 5, 2027**. "Completed" means that interrogatories, requests for production and other discovery requests must be served at least thirty (30) days prior to the established cutoff date so that response thereto will be due on or before the cutoff date. All subpoenas issued for discovery must be returnable on or before the discovery cutoff date. All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than forty-five (45) days following the date upon which the event giving rise to the dispute occurred. Counsel are required to meet and confer regarding all discovery disputes pursuant to the requirements of Local Rule 26.1(a). Counsel are to comply with the chambers rules of the Magistrate Judge in bringing discovery before the court.

15.    All other dispositive motions, including those addressing Daubert issues, shall be FILED on or before **August 26, 2027**. Please be advised that counsel or the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Failure of counsel to timely request a motion date may result in the motion not being heard. Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by **Judge Cathy Ann Bencivengo**.

16.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

17.    A Mandatory Settlement Conference shall be conducted on **May 13, 2027**, at **9:00 a.m.**, or alternatively on a date convenient to the Court, in the chambers of **Magistrate Judge Leshner**. The parties shall comply with Judge Leshner's Mandatory Settlement Conference Procedures, which are available on the Court's website.

18.    Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

19.    In order to identify the claims to be tried and eliminate delay and surprise at trial, the Court enters the following pretrial order pursuant to Fed. R. Civ. P. 16.

20.    In jury trial cases before the Honorable Cathy Ann Bencivengo, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

21.    All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **September 30, 2027**. Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

22.      Pursuant to Local Civil Rule 16.1(f)(4), on or before **October 7, 2027,** the parties shall meet and confer to comply with the provisions of that section and prepare a proposed pretrial order in accordance with Local Rule 16.1(f)(6)(c), and containing the following:

     a.   A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

     b.   A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable].

23.      Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f)(6)(a). On or before **October 14, 2027**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties should attempt promptly to resolve their differences, if any, concerning the order.

24.      The proposed final pretrial conference order, including objections counsel have to any other party's Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with **Judge Cathy Ann Bencivengo** chambers on or before **October 21, 2027**, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6)(c). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

25.      The final pretrial conference shall be held before the **Honorable Cathy Ann Bencivengo**, United States District Court Judge, on **October 28, 2027** at **2:00 p.m.**, or alternatively on a date convenient to the Court, during which time the Court will address the submission of motions in limine, trial briefs, proposed voir dire and jury instructions and the trial schedule.

26.      The trial in this matter shall commence on Monday, **November 8, 2027** at **8:45 a.m.**, or alternatively on a date convenient to the Court.

| Proposed Date | Description |
|---|---|
| August 6, 2026 | The Parties shall serve their Disclosure of Asserted Claims and Preliminary Infringement Contentions for the Newly Asserted Patents pursuant to Patent L.R. 3.1 and produced documents as required by Patent L.R. 3.2. |
| September 10, 2026 | The Parties shall serve Invalidity Contentions for the Newly Asserted Patents pursuant to Patent L.R. 3.3 and produce documents as required by Patent L.R. 3.4. |
| September 17, 2026 | The Parties shall exchange Preliminary Claim Constructions for the Newly Asserted Patents and Amended Preliminary Claim Constructions for the Originally Asserted Patents pursuant to Patent L.R. 4.1(a) and identify extrinsic evidence as required by Patent L.R. 4.1(b). |
| October 1, 2026 | The Parties shall exchange Responsive Claim Constructions for the Newly Asserted Patents and Originally Asserted Patents pursuant to Patent L.R. 4.1(c) and identify extrinsic evidence as required by Patent L.R. 4.1(d). |
| October 15, 2026 | The Parties shall complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement pursuant to Patent L.R. 4.2. |
| October 15, 2026 | The deadline for the Parties to file Amended Infringement Contentions for the Newly Asserted Patents and Originally Asserted Patents, as of right. *See* Patent L.R. 3.6(a). |
| October 29, 2026 | All discovery intended for use in the Claim Construction Hearing must be completed. *See* Patent L.R. 4.3. |
| October 29, 2026 | The deadline for the Parties to file Amended Invalidity Contentions for the Newly Asserted Patents and Originally Asserted Patents, as of right. *See* Patent L.R. 3.6(b). |
| November 19, 2026 | The Parties must file simultaneously their Opening Claim Construction Briefs. *See* Patent L.R. 4.4(a). |
| December 10, 2026 | The Parties must file simultaneously their Responsive Claim Construction Briefs. *See* Patent L.R. 4.4(b). |
| January 21, 2027, or alternatively on a date convenient to the Court. | The Claim Construction and tutorial hearing will be held **January 21, 2027**, at **9:30 a.m.**, or alternatively on a date convenient to the Court, before the Honorable Cathy Ann Bencivengo, U.S. District Court Judge. *See* Patent L.R. 4.5. |
| March 11, 2027 | The initial date for the substantial completion of document discovery including electronically stored information ("ESI"). *See* Patent L.R. 2.1(a)(1). |
| May 6, 2027 | All fact discovery shall be completed by the Parties. |
| May 13, 2027, or alternatively on a date convenient to the Court. | A Mandatory Settlement Conference shall be conducted on **May 13, 2027**, at **9:00 a.m.**, or alternatively on a date convenient to the Court, in the chambers of **Magistrate Judge Leshner**. The parties shall comply with Judge Leshner's Mandatory Settlement Conference Procedures, which are available on the Court's website. |

| | |
|---|---|
| May 27, 2027 | All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all Parties. Unless otherwise stipulated to by the Parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B). If a written report is not required, the disclosure must provide the information required under Rule 26(a)(2)(c). |
| June 24, 2027 | Any contradictory or rebuttal disclosures within the meaning of Rule 26(a)(2)(D)(ii) shall be disclosed. Unless otherwise stipulated to by the Parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B). If a written report is not required, the disclosure must provide the information required under Rule 26(a)(2)(c). |
| August 5, 2027 | All discovery, including expert discovery, shall be completed. "Completed" means that interrogatories, requests for production and other discovery requests must be served at least thirty (30) days prior to the established cutoff date so that response thereto will be due on or before the cutoff date. All subpoenas issued for discovery must be returnable on or before the discovery cutoff date. All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than forty-five (45) days following the date upon which the event giving rise to the dispute occurred. Counsel are required to meet and confer regarding all discovery disputes pursuant to the requirements of Local Rule 26.1(a). Counsel are to comply with the chambers rules of the Magistrate Judge in bringing discovery before the court. |
| August 26, 2027 | All other dispositive motions, including those addressing Daubert issues, shall be FILED. Please be advised that counsel or the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Failure of counsel to timely request a motion date may result in the motion not being heard. Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by **Judge Cathy Ann Bencivengo**. |
| September 30, 2027 | All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3). Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37. |
| October 7, 2027 | Pursuant to Local Civil Rule 16.1(f)(4), the parties shall meet and confer to comply with the provisions of that section and prepare a proposed pretrial order in accordance with Local Rule 16.1(f)(6)(c), and containing the following:<br><br>a.      A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.<br><br>b.      A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. |
| October 14, 2027 | Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Counsel for plaintiff will be |

| | responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f)(6)(a). Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties should attempt promptly to resolve their differences, if any, concerning the order. |
|---|---|
| October 21, 2027 | The proposed final pretrial conference order, including objections counsel have to any other party's Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with **Judge Cathy Ann Bencivengo** chambers and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6)(c). Counsel shall also bring a court copy of the pretrial order to the pretrial conference. |
| October 28, 2027, or alternatively on a date convenient to the Court. | The final pretrial conference shall be held before the **Honorable Cathy Ann Bencivengo**, United States District Court Judge, on **October 28, 2027** at **2:00 p.m.**, or alternatively on a date convenient to the Court, during which time the Court will address the submission of motions in limine, trial briefs, proposed voir dire and jury instructions and the trial schedule. |
| November 8, 2027, or alternatively on a date convenient to the Court. | The trial in this matter shall commence on Monday, **November 8, 2027** at **8:45 a.m.**, or alternatively on a date convenient to the Court. |

Dated: July 8, 2026          **WINSTON TAYLOR LLP**

By:   */s/ Nimalka Wickramasekera*

Nimalka Wickramasekera (SBN 268518)
nimalka.wickramasekera@winstontaylor.com
**WINSTON TAYLOR LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Tel: 213-615-1700

Michael A. Meneghini (*pro hac vice*)
michael.meneghini@winstontaylor.com
**WINSTON TAYLOR LLP**
300 N. LaSalle Dr.
Chicago, IL 60654
Tel: 312-558-5600

Dustin J. Edwards (*pro hac vice*)
dustin.edwards@winstontaylor.com
**WINSTON TAYLOR LLP**
800 Capitol St., Suite 2400
Houston, TX 77002
Tel: 713-651-2600

*Attorneys for Defendant/Counter-Plaintiff
Alphatec Spine, Inc.*

8

Date: July 8, 2026

**PROSKAUER ROSE LLP**

/s/ *James R. Anderson*

Colin Cabral (SBN 296913)
James Anderson (BBO # 693781)
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110
ccabral@proskauer.com
jaanderson@proskauer.com
Telephone:    617-526-9600

Elizabeth Shrieves (DC #1645332)
**PROSKAUER ROSE LLP**
1001 Pennsylvania Ave, N.W.
Suite 600 South
Washington, DC 20004
eshrieves@proskauer.com
Telephone:    202-416-6800

Seth Victor (SBN 329341)
**PROSKAUER ROSE LLP**
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
svictor@proskauer.com
Telephone:    310-557-2900

*Attorneys for Plaintiffs/Counter-Defendants*
*Globus Medical, Inc. and NuVasive, LLC*